HENRIETTA BERRY *vs.* ASHLEY S. TEEL, Administrator.

A. separated from her husband in 1870, and was divorced in 1874. From 1870 to 1875 she received B. as a boarder, and subsequently sued B. for the value of the board: *Held*, that A. was entitled to sue in her own name for board furnished prior to her divorce and subsequent to her separation from her husband.

DEFENDANT'S petition for a new trial.

*February* 22, 1879. DURFEE, C. J. This is *assumpsit* for the board of one Nancy J. Smith, the defendant's intestate, for the five winter months of each year from November, 1870, to April, 1875. In February, 1870, the plaintiff, being then a married woman, separated from her husband and never lived with him afterwards. In June, 1874, she obtained a divorce *a vinculo* from him. The defendant does not deny that the plaintiff furnished board as stated from November, 1870, to April, 1874, but contends that she cannot maintain an action for it solely in her own name. On trial to the jury the court ruled that the plaintiff could sue in her own name for board furnished prior to her divorce and after her separation from her husband. The defendant petitions for a new trial for error in this ruling.

We think the ruling was correct. Our statute provides that " the real estate, chattels real, and personal estate, which are the property of any woman before marriage or which may become the property of any woman after marriage, *or which may be acquired by her own industry*, shall be absolutely secured to her sole and separate use." Gen. Stat. R. I. cap. 152, § 1. Under this provision there can be no doubt that if the intestate had paid the plaintiff for her board when furnished, the plaintiff would have been entitled to the money as her own. The defendant contends that the money, not having been paid, was not *acquired*, and that, the statute being inapplicable, the husband is entitled to it at common law. This is too narrow a construction. A person acquires a property in his earnings before payment ; choses in action are property, and are recognized as such in chapter 152. The claim in suit was a chose in action acquired by the plaintiff's industry, or by her industry and property combined, and in our opinion it belongs exclusively to her under the statute. And this is the view which was taken of a similar claim in *Henry* v. *Fiske*, 11 R. I. 318. Indeed, if the wife's earnings belong to the husband until paid, payment to her without his leave would be void. The construction would therefore defeat the statute.

It is true, perhaps, that during coverture the plaintiff could not have brought the suit without her husband, the statute requiring the joinder. Gen. Stat. R. I. cap. 152, § 16. But the divorce annulled the marriage, so that she no longer has any husband, and consequently, the debt being due to her in her own

right, she can now sue for it alone.    2 Bishop on Marriage and
Divorce, § 714; *Legg* v. *Legg*, 8 Mass. 99 ; *Wintercast* v. *Smith*,
4 Rawle, 177.

We therefore decide that the defendant is not entitled to a
new trial on the first ground assigned in his petition.

The defendant, secondly, asks for a new trial because the ver-
dict was against the evidence.    He contends that the evidence
did not support the plaintiff's claim for board during the winter
of 1874–75.    We are not satisfied that the defendant ought to
have a new trial on this ground.

The petition will·be dismissed and judgment entered for the
plaintiff on the verdict.                        *Petition dismissed.*

*Adoniram J. Cushing*, for plaintiff.

*John D. Thurston*, for defendant.